```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------


IN THE MATTER OF THE EXTRADITION          16-MJ-5084
OF ALI MOSHIR TO CANADA,



--------------------------------------


            Proceedings held before the

       Honorable Michael J. Roemer, Robert H.

       Jackson Courthouse, 2 Niagara Square,

       Buffalo, New York, on June 30, 2016.

       APPEARANCES:

       MARIE P. GRISANTI,
       Assistant United States Attorney,
       Appearing for the United States.

       BRIAN COMERFORD,
       Assistant Federal Public Defender.
       Appearing for Defendant.


       AUDIO RECORDER:   Rosalie A. Zavarella

       TRANSCRIBER:      Michelle L. McLaughlin, RPR,
                         Court Reporter,
                         (716)332-3560









       (Proceedings recorded by electronic sound
       recording, transcript produced by computer.)
```

1      THE CLERK: United States District Court
2  for the Western District of New York is now in
3  session. The Honorable Michael J. Roemer
4  presiding.
5      We're here on the matter of the extradition of
6  Ali Moshir to Canada.
7      Counsel, please state your name for the record.
8      MS. GRISANTI: Marie Grisanti for the
9  government. Good morning, Judge.
10     THE COURT: Morning, Miss Grisanti.
11     MR. COMERFORD: Morning, your Honor.
12 Brian Comerford for Mr. Ali Moshir, and he's
13 present.
14     THE COURT: Okay. Good morning,
15 Mr. Comerford.
16     MR. COMERFORD: Morning, Judge.
17     THE COURT: Does Mr. Moshir speak English?
18     THE DEFENDANT: I do, your Honor.
19 Morning. Greetings.
20     THE COURT: Okay. We're here on an
21 initial appearance on an arrest -- it's a complaint
22 for arrest with a view towards extradition under 18
23 U.S.C., section 3184.
24     Okay. I think the first thing we have to do is
25 to identify the detainee as the individual being

1  demanded by the foreign nation, which in this case
2  is Canada.
3      Mr. Comerford, what's your position on that?
4           MR. COMERFORD:  Judge, I haven't had
5  enough time to really speak with Mr. Moshir about
6  what he wants to do.  He's indicating to me now
7  that he wants to seek an adjournment and then I
8  think make a decision on his position with respect
9  to extradition.
10          THE COURT:  Okay.  Well, we'll put this on
11 the list then, this identity hearing.
12          MR. COMERFORD:  Yes.
13          THE COURT:  We'll reserve your right to
14 that.  I'm going to run through the rest of this --
15          MR. COMERFORD:  Yes, Judge.
16          THE COURT:  -- so I make sure.  You have a
17 copy of the complaint, Mr. Comerford?
18          MR. COMERFORD:  We do, Judge.
19          THE COURT:  And you do see that there's a
20 picture of Mr. Moshir -- well, it's alleged to be
21 Mr. Moshir on the -- with the complaint.
22          MR. COMERFORD:  I don't think identity is
23 going to be an issue, Judge.
24          THE COURT:  Okay.
25          MR. COMERFORD:  He agrees he's Mr. Moshir.

1      He's the guy in the picture.
2              THE COURT:  Okay.  And I really couldn't
3      find a -- unless somebody else can, a provision
4      that allowed for appointment of counsel in the
5      case.  But I do believe counsel is necessary, so I
6      will ask you, Mr. Comerford, to represent
7      Mr. Moshir during this proceeding.
8              MR. COMERFORD:  I'll accept the
9      assignment.  Thank you, Judge.
10             THE COURT:  Next we need to inform the
11     detainee of the charge or charges upon which
12     extradition is sought and by which foreign nation
13     which we know is Canada.
14         So, Miss Grisanti, could you cover the charges
15     that are pending in Canada?
16             MS. GRISANTI:  Yes, your Honor.  There is
17     a warrant for his arrest charging him with criminal
18     harassment.  Do you want the section numbers,
19     Judge?  The Canadian section numbers?
20             THE COURT:  I don't -- I don't think that
21     would be helpful, so --
22             MS. GRISANTI:  Breaking and entering,
23     unlawful presence in a dwelling house with the
24     intent to commit an indictable offense, and those
25     relate to an incident on January 29th, 2016.  There

1  is an additional warrant for his arrest dealing
2  with an incident on April 4th, 2016, charging him
3  with criminal harassment, breaking and entering,
4  uttering threats, and arson with disregard for
5  human life.
6           THE COURT:  Mr. Moshir, those are the
7  charges pending against you in Canada.  Do you
8  understand that, sir?
9           THE DEFENDANT:  I did hear her, but the
10 intentions that were mention --
11          MR. COMERFORD:  Hold on.  Hold on.  Judge,
12 he entered a general denial of those charges.  You
13 have heard what they are though, right?  And we
14 deny them.
15          THE DEFENDANT:  That's true, and at the
16 same time we are asking adjournment, and also the
17 intentions as mentioned are contrary and
18 absolutely -- contrary to whatever any involving
19 intentions that have my being to what she just
20 read.
21          THE COURT:  You're denying the charges.
22 You're denying that you committed the charges, and
23 you're denying that you had the intent that there
24 was stated, correct?
25          THE DEFENDANT:  As Mr. Comerford, but the

1    Court's attention, yes, your Honor.  Thank you for
2    your --
3              THE COURT:  Okay.
4              MR. COMERFORD:  That's good.  That's good.
5              THE COURT:  Okay.  Good.  Now, you have a
6    right to a public extradition hearing.  You also
7    have the right to have the United States pay the
8    cost of subpoenaing material witnesses for your
9    defense to the extradition if you cannot afford to
10   have those witnesses transported here.  That's
11   under 18 U.S.C., Section 3191.
12        Now, the extradition hearing will -- at the
13   extradition hearing it will be determined, A,
14   whether the detainee is charged with a crime or
15   crimes for which there is a treaty or convention of
16   extradition between the United States and the
17   demanding country, in this case Canada.
18        Now, Miss Grisanti, the burden would be on you
19   to show that.  The burden would also be on the
20   government to show whether the warrants and
21   documents demanding the prisoner's surrender are
22   properly and legally authenticated.
23        And the last is that it will be up to the Court
24   to determine whether the commission of the crime
25   alleged is established by probable cause such as

1 would justify commitment for trial if the offense
2 had been committed in the United States.  So I view
3 that, in a sense, as equivalent to a preliminary
4 hearing with the ultimate determination that
5 there's probable cause to believe he committed the
6 crimes charged in the complaint in Canada, and that
7 those crimes would be equivalent to crimes here in
8 the United States.
9      Now, Mr. Moshir, you can waive the right to the
10 hearing or -- I think you expressed your preference
11 right now is to ask for a continuance, and we'd
12 give you enough time to prepare for the hearing.
13      Is that what you'd like to do, Mr. Comerford?
14           MR. COMERFORD:  Yes, please, Judge.
15           MS. GRISANTI:  Judge, it's my
16 understanding that Canada has up to 60 days to
17 prepare the extradition paperwork, and it would be
18 after we receive the paperwork and the defense has
19 had an opportunity to review that that the hearing
20 would take place.
21           THE COURT:  So we have to schedule more
22 than 60 days out.
23           MS. GRISANTI:  Correct.
24           THE COURT:  Okay.  Why don't we look at 90
25 days.

1          MR. COMERFORD:  Judge, I was -- we don't
2     have to schedule this now.  But if possible, if
3     Mr. Moshir and I come to an understanding that he
4     just wants to waive this and agree to extradition,
5     that it would be easier just to go to Canada, maybe
6     we could appear sooner than that and inform the
7     Court of that.
8          THE COURT:  Sure.  All you have to do is
9     let me know, and we'll put it on.  I'd have him
10    come in on the record -- we'd also want a written
11    waiver, Miss Grisanti?
12         MS. GRISANTI:  Yes, Judge.  There would be
13    paperwork that we would be preparing.
14         MR. COMERFORD:  So what he set now is the
15    date for the actual hearing.
16         THE COURT:  The actual extradition hearing
17    to determine those three things that I just
18    articulated.
19         THE CLERK:  Now being 90 days, correct?
20         THE COURT:  Yeah.
21         THE CLERK:  Okay.  September 30th at
22    10:30.
23         MR. COMERFORD:  Thank you, Judge.
24         THE COURT:  Now, Miss Grisanti, where will
25    he be detained between now -- whose custody will he

1   be in?  Will he go back to ICE custody?
2           MS. GRISANTI:  I believe, Judge, that he's
3   going to be in the marshal custody in this case.
4           THE COURT:  Okay.  So he won't go back to
5   Batavia.  He'll be going to wherever the marshal --
6           MS. GRISANTI:  Wherever the marshals can
7   put him.
8           MR. COMERFORD:  Judge, Mr. Moshir has
9   indicated he would prefer to be held in ICE
10  custody.  That's where he's been being held in
11  Batavia.  I don't know if that's a possibility, but
12  that's his request.
13          THE COURT:  Well, would it be possible for
14  him to go back to ICE with a detainer here, or no?
15          MS. GRISANTI:  May I have a moment, Judge?
16          THE COURT:  Sure.  Sure.
17          (Off the record discussion.)
18          MS. GRISANTI:  Judge, after talking to an
19  ICE agent, it's my understanding that he would be
20  detained on our case, and therefore it would be --
21  he would be in marshal custody, not ICE.
22          THE COURT:  Well, I'll -- I'll order that
23  he be remanded to the custody of the United States
24  Marshal Service.  I appreciate your request,
25  Mr. Moshir, but it's not possible.

1      THE DEFENDANT:  May I have a chance to
2 also say my side on that, express an objection
3 to -- to their approach -- to ICE's approach?
4 There's been a notice of release that has not been
5 looked into and has not been --
6      THE COURT:  I'm sorry, a notice of what
7 was it?
8      THE DEFENDANT:  Release from the custody
9 of ICE to take place on or about the 4th of July,
10 which has never been taken place, which has not
11 taken place, and I've not been aware of that.
12 Nothing has been disclosed or informed as to
13 whether that has been looked into or not, and what
14 the decisions of such notice of release has been,
15 and such notice of release has been provided to
16 Moshir Ali, unusual over here, whatever term or
17 title I should use for him at this moment.  Back in
18 the month of April --
19      THE COURT:  Who was the other person you
20 just mentioned?
21      THE DEFENDANT:  Moshir.  Myself.
22      THE COURT:  Oh, okay.
23      THE DEFENDANT:  Has been provided with a
24 notice of release to be looked into the matter of
25 whether Moshir has to be released or could be

1    released or not by the end of 90 days based on a
2    custody that had taken place that's been -- ICE as
3    the custodian.  But that notice has not been
4    followed up.  The time is not up yet.  It's not
5    July the 4th yet, and Moshir has been advised that
6    it would be on or about July the 4th, 2016, by when
7    ICE would declare or announce or advise or provide
8    its decision based on having looked into the matter
9    of whether he can be released or not.  And such
10   extensions, promises, advices, protocols and such,
11   et cetera, have not been followed up yet.
12             MR. COMERFORD:  Judge, I think --
13             THE DEFENDANT:  Thank you, your Honor.
14             MR. COMERFORD:  I think what might make
15   sense is --
16             THE DEFENDANT:  I should stay in ICE's
17   custody, not marshal's.  Anyway I just have nothing
18   else.  I apologize.
19             MR. COMERFORD:  If right now because of
20   this new case he's being held in marshal custody,
21   if there is some immigration issue with ICE that he
22   wants to litigate there, I would make a bail motion
23   asking your Honor to release him to ICE custody.
24   I'm not -- hold on.  Hold on.
25             THE DEFENDANT:  It's too early for bail.

1   We need to get the court's response first into what

2   I mentioned, whether I have to be in the marshal's

3   custody or not, which is in our talking I should

4   not be, because first it has to be settled, and it

5   should be finalized as a resolution to that notice

6   that Moshir has been --

7           MR. COMERFORD:  Mr. Moshir.

8           THE DEFENDANT:  -- detainee has been

9   provided (indiscernible).  The Court has been

10  mailed a copy of such notices through a certified

11  mail along with 72 pages of correspondences which

12  might not have not arrived at court yet.  At the

13  moment I do not have the U.S. certified mail

14  receipt number, but it was handed over to a

15  facility, and as requested, to be mailed out as of

16  the day before yesterday, which would be Tuesday,

17  June -- June 28th, 2016.  It was returned as I was

18  told -- as detainee was advised or told or brought

19  to the attention of that there are not enough

20  stamps on that envelope and more stamps have to be

21  added.  The detainee of ICE at the Buffalo Federal

22  Detention Facility, also known as BFDF, at the

23  address of, whatever that is on the Federal Drive,

24  I think if I'm not mistaken 4250, Batavia, New

25  York.  And the stamps were provided to -- the

1    stamps were provided to the facility, and the
2    detainee has been advised that such envelope has
3    been mailed out to the federal court, which is the
4    court that I'm sitting at over here right now, that
5    would cover pretty much everything, and this matter
6    would also be related to that or the matters
7    mentioned as part of that correspondence as
8    anything else included in that envelope would also
9    relate to the matter as of the moment.  As such
10   (indiscernible) to be staying in ICE's custody.
11   Thank you very much.
12              THE COURT:  Okay.  He will be remanded to
13   the custody of the United States Marshal.  I think
14   we're talking about there's two different things
15   going on here, Mr. Moshir.  You want to be released
16   from ICE custody.  You're in a situation, I
17   believe, where your country won't take you back,
18   Iran.  So you've been in custody for how long?
19              THE DEFENDANT:  Your Honor, since after
20   the 4th my emphasizes on not getting released from
21   the custody of ICE. My emphasis are on --
22              THE COURT:  How long have you been held in
23   custody in ICE?
24              THE DEFENDANT:  I have been in custody
25   since April the 4th.  My concern is the resolution

1      of the notice that --

2             THE COURT:  Okay.

3             THE DEFENDANT:  -- I have been provided

4      with in the past before --

5             THE COURT:  That's -- that's a separate

6      matter, okay, from this matter.

7             THE DEFENDANT:  Well, isn't that supposed

8      to be resolved first before having be referred to

9      the marshal's?

10            THE COURT:  No.  No.  Okay.  Right now

11     you're going to be in the custody of the United

12     States Marshal until the extradition issue is

13     resolved.

14            THE DEFENDANT:  Thank you, your Honor.

15            THE COURT:  Okay.  There's no reason why

16     your other issue couldn't go on parallel to this,

17     but they're two separate issues, okay?

18            THE DEFENDANT:  Also have some documents

19     as my properties which I have no other properties

20     besides just those documents and papers and such

21     and cetera, which I would like to have with me in

22     order to be able to refer to them while I'm in the

23     custody of marshal, because I'm desperately and

24     necessarily immediately in need of them at all

25     times.  I thank you very much, your Honor.

1             THE COURT:  How about that, Miss Grisanti?
2     Can we do something about that?
3             MS. GRISANTI:  I'm sorry, I missed that,
4     Judge.
5             THE COURT:  Basically he wants --
6     apparently back in where he's being held he has all
7     his paperwork, and he'd like to get his paperwork.
8             MS. GRISANTI:  His paperwork actually is
9     in the courthouse and can be turned over to him or
10    the public defender.
11            THE COURT:  Okay.  So they have your
12    paperwork here, and you're going to get your
13    paperwork.
14            THE DEFENDANT:  Thank you, your Honor.  I
15    appreciate your force and extensions presence on
16    behalf of this case and many other that might not
17    have not been mentioned.  I appreciate your force
18    and contributions, dedications, and much more,
19    again, whatever might have not been mentioned to
20    justice system.  I thank you very much.  So on
21    behalf of ICE and everybody else in the courtroom I
22    thank you very much, so --
23            THE COURT:  Okay.  Thank you, Mr. Moshir.
24    Have a safe -- they'll tell you when it's time to
25    go.

Case 1:16-mj-05084-MJR   Document 14   Filed 12/21/16   Page 17 of 18

17

```
 1            THE DEFENDANT:  Yes, your Honor.  Thank
 2    you very much.
 3            THE COURT:  Anything else today, counsel?
 4            MS. GRISANTI:  I don't think so, Judge.
 5            THE COURT:  Okay.  Mr. Comerford?
 6            MR. COMERFORD:  Not that I know of, Judge.
 7            THE COURT:  Okay.  Have a good day.
 8            MS. GRISANTI:  Thank you, your Honor.
 9            THE COURT:  Have a good day, Mr. Moshir.
10            THE DEFENDANT:  Thank you, Judge.  Thank
11    you, your Honor.  Have a great day.
12            *     *     *     *     *     *
```

CERTIFICATION

I certify that the foregoing is a correct transcription, to the best of my ability, from the electronic sound recording of the proceedings in this matter.

s/Michelle L. McLaughlin
Michelle L. McLaughlin, RPR
Court Reporter